IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| Todd R.,[1] | No. 6:21-cv-00087-HL |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

HALLMAN, United States Magistrate Judge:

Plaintiff Todd R. brings this action under the Social Security Act (the "Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"). The Commissioner denied Plaintiff's application for Disability Insurance

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name for non-governmental parties and their immediate family members.

1 – OPINION AND ORDER

Benefits ("DIB") and Social Security Income ("SSI") under Title II of the Act. 42 U.S.C. § 401 *et seq*. For the following reasons, this case is AFFIRMED.

## STANDARD OF REVIEW

42 U.S.C. § 405(g) provides for judicial review of the Social Security Administration's disability determinations: "The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

## BACKGROUND

**I.    Plaintiff's Application**

Plaintiff alleges disability based on "Knee Problem[s], Diabetes, Shoulder Problem[s], Back Problem[s], Peripheral Neuropathy, and Depression." Tr. 366.[2] At the time of his alleged onset date, he was 43 years old. Tr. 91. He has a high school education and past relevant work experience as a truck driver, dispatcher, truck supervisor, and service writer. Tr. 90-91.

Plaintiff protectively applied for DIB on January 29, 2018, alleging an onset date of January 2, 2017. Tr. 81, 84. His application was denied initially on October 4, 2018, and on reconsideration on February 20, 2019. Tr. 81. Plaintiff subsequently requested a hearing, which was held on March 18, 2019, before Administrative Law Judge ("ALJ") Robert Spaulding. Tr. 81, 93, 99-155. Plaintiff appeared and testified at the hearing, represented by counsel; a vocational expert ("VE"), Mark Mann, also testified. Tr. 101, 144-54. On February 20, 2020, the ALJ issued a decision denying Plaintiff's claim. Tr. 93. Plaintiff requested Appeals Council review, which was denied on November 17, 2020. Tr. 1. Plaintiff then sought review before this Court.[3]

**II.   Sequential Disability Process**

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

---

[2]    Citations to "Tr." are to the Administrative Record. (ECF 11).

[3]    The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636. (ECF 6).

3 – OPINION AND ORDER

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. At step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c) & 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141.

At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141. At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c).

At step four, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n. 5.

4 – OPINION AND ORDER

Finally, at step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

### III.     The ALJ's Decision

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity after his alleged onset date. Tr. 84.

At step two, the ALJ determined that Plaintiff has the following severe impairments: "chronic polyarthralgia; bilateral acromioclavicular arthrosis and calcific rotator cuff tendinitis; right shoulder glenohumeral joint osteoarthritis, status post right total shoulder arthroplasty; bilateral knee osteoarthritis; right knee medial meniscus tear; bilateral hip degenerative joint disease; cervical and lumbar degenerative disc disease; diabetes mellitus type 2; obesity; obstructive sleep apnea; and depression." *Id.*

At step three, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment. *Id.* The ALJ then assessed Plaintiff's residual functional capacity ("RFC"), finding that Plaintiff has the residual functional capacity to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he requires the option to sit/stand at will, while remaining on task. He can occasionally climb ramps and stairs and never climb ladders, ropes and scaffolds. He can occasionally balance and stoop and never kneel, crouch, or crawl. The claimant can never reach overhead with the right upper extremity. The claimant is to have no exposure to hazards such as unprotected heights. He is limited to carrying out simple instructions, but not for extended periods (requires the standard breaks), and simple routine tasks consistent with a reasoning level of 2 and unskilled work as defined by the Dictionary of Occupational Titles (DOT). The claimant is limited to simple work decisions.

Tr. 86.

At step four, the ALJ found that Plaintiff could not perform his past relevant work. Tr. 90-91.

But at step five—considering Plaintiff's age, education, work experience, and RFC—the ALJ found that a significant number of jobs existed in the national economy that Plaintiff could perform, including work as a sorting clerk, telephone sales representative, and call out operator. Tr. 91-92. Thus, the ALJ concluded that Plaintiff is not disabled. Tr. 92.

## DISCUSSION

Plaintiff contends that the ALJ erred in failing to reconcile the VE testimony with the Dictionary of Occupational Titles ("DOT"). Specifically, Plaintiff asserts that the ALJ failed to reconcile the following conflicts: First, the jobs of "sorter" and "telephone sales representative" have Specific Vocational Preparation ("SVP") levels of "3," which is inconsistent with the DOT's definition of "unskilled" labor. Pl. Opening Br. 11-12, ECF 15. Second, the job of "call out operator" has a reasoning level "4," which exceeds the ALJ's RFC assessment limiting Plaintiff to a reasoning level of "2." *Id.* at 12-13.

In response, the Commissioner asserts that the ALJ did not err with respect to the sorter and telephone sales representative jobs because he elicited a reasonable explanation for the discrepancy in the SVP levels, and any error with respect to the call out operator job was harmless. Def. Br. 4-9, ECF 19. This Court agrees with the Commissioner and, therefore, affirms the ALJ's decision.

## I. Legal Standards

An ALJ can permissibly rely on the testimony of a qualified VE to guide the analysis at step five. *Ford v. Saul*, 950 F.3d 1141, 1160 (9th Cir. 2020). SSR 00–4p "clarifies [the Social Security Administration's] standards for the use of [VEs] who provide evidence at hearings

before [ALJs]." Soc. Sec. Reg. ("SSR") 00–4p, *available at* 2000 WL 1898704, *1. This policy interpretation ruling requires that "[o]ccupational evidence provided by a VE . . . generally should be consistent with the occupational information supplied by the DOT." *Id.* at *2. To meet this requirement, "[w]hen a . . . VE provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE . . . evidence and the information provided in the DOT." *Id.* at *4; *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (recognizing an ALJ's duty to ask about potential conflicts between VE testimony and the DOT). "When there is an apparent unresolved conflict between VE . . . evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled." SSR 00–4p at *2; *Massachi*, 486 F.3d at 1152-53.

**II.     Analysis**

   A.     *Sorting clerk and telephone sales representative*

As noted above, Plaintiff's RFC limited him to "simple routine tasks consistent with a reasoning level of 2 and unskilled work as defined by the [DOT]." Tr. 86. "Unskilled" work has a specific vocation preparation ("SVP")—*i.e.*, the time it takes to learn a job—of 1-2. *See* SSR 00–4p, 2000 WL 1898704, at *3. "Semi-skilled" work has an SVP of 3-4. *Id*. The parties agree that the DOT provides that sorting clerk and telephone sales representative have an SVP of 3 and, accordingly, there is "a conflict between the vocational expert's testimony that [Plaintiff] can do these jobs and the DOT." Def. Br. 6; *see* Pl. Opening Br. 11-12. The parties also agree that the ALJ was required to elicit a reasonable explanation for this conflict before relying on the VE's testimony. *Id*.

7 – OPINION AND ORDER

With respect to the position of sorting clerk, the VE testified that "SVP skill level per DOT is three; semiskilled; but updated via labor data puts that at SVP two; unskilled because it can be learned in 30 days or less, and that's consistent with my vocational experience."  Tr. 150.  With respect to the position of telephone sales representative, the VE testified that "SVP skill level per DOT is three; a semiskilled, but again, updated via labor data puts that at SVP two; unskilled, and that's consistent with my experience[.]"  Tr. 150-51.  The ALJ then clarified that these positions could be learned in 30 days or less, which was "different from the DOT."  Tr. 151.  The ALJ also noted this discrepancy in his decision.  Tr. 92.

This Court agrees with the Commissioner that, based on this testimony, the ALJ elicited a reasonable explanation for the conflict.  Plaintiff asserts that the VE's reliance on "updated labor data" was inadequate because it was inconsistent with "O*Net," which Plaintiff asserts is "now the primary source of occupational information."  Pl. Opening Br. 12.  But the ALJ was only required to reconcile the conflict between the VE's testimony and the DOT, not other sources of occupational data.  *See Shaibi v. Berryhill*, 883 F.3d 1102, 1109-10 (9th Cir. 2017).  The ALJ was also permitted to rely on the VE's testimony and did not need to inquire *sua sponte* into its foundation.  *Id*. at 1110.  Further, if Plaintiff wanted to challenge the foundations for the VE's testimony, then he was required to raise the issue at the hearing and make an appropriate record, which he did not do.  *See id*. (discussing procedure for challenging a VE's assessment).

For these reasons, this Court concludes that the ALJ's inquiry into the discrepancy between the VE's testimony and the DOT with respect to the sorting clerk and telephone sales representative positions was sufficient.  Plaintiff's remaining arguments concerning the validity of the data that the VE relied upon are unpreserved and unavailing.  Thus, there was substantial

evidence of the ALJ's conclusion that Plaintiff could perform the jobs of sorting clerk and telephone sales representative.

    B.    *Callout operator*

With respect to Plaintiff's assignment of error concerning the call out operator position, "[t]he Commissioner agrees that there is an apparent and unresolved conflict between the ALJ's finding that [Plaintiff] can perform 'simple routine tasks consistent with a reasoning level of 2' and the reasoning level 3 demands of working as a call out operator." Def. Br. 9. The Commissioner asserts that this error is harmless, however, because there were sufficient jobs in the national economy for Plaintiff without considering the callout operator position. The Commissioner asserts that the sorting clerk and telephone sales representative positions "comprise an undisputed 225,730 jobs (Tr. 92, 150–51), far exceeding the Ninth Circuit's conclusion that 25,000 jobs in the national economy is a significant number[.]" Def. Br. 9 (citing *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 527-29 (9th Cir. 2014). This Court agrees and concludes that the ALJ's error with respect to the callout operator was harmless. *See Shaibi*, 883 F.3d at 1110 n. 7 (concluding that an ALJ's error in failing to explain the discrepancies between the VE's testimony and the DOT with respect to one job was harmless because the ALJ also found that the claimant could perform other jobs that had sufficient numbers in the national economy).

## CONCLUSION

Based on the foregoing, pursuant to 42 U.S.C. § 405(g), sentence four, the Court AFFIRMS the Commissioner's decision.

IT IS SO ORDERED.

DATED this 21st day of January, 2022.

_____
ANDREW HALLMAN
United States Magistrate Judge

10 – OPINION AND ORDER